[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11536
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 19, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-20062-TP-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEVIN SHERMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 19, 2009)

Before BIRCH, BLACK and HULL, Circuit Judges.

PER CURIAM:

Devin Sherman appeals his 18-month, within-range sentence, imposed after he was found to have violated the terms of his supervised release by committing the offense of aggravated battery. Sherman argues (1) the district court violated his Sixth Amendment rights and erred by admitting hearsay statements into evidence, (2) the court abused its discretion in revoking his supervised release, because the evidence did not prove by a preponderance of the evidence that Sherman committed a battery, and (3) his sentence was procedurally and substantively unreasonable. We address these issues in turn and affirm the revocation of Sherman's supervised release and his sentence.

I.

Sherman contends his Sixth Amendment rights were violated when the district court admitted hearsay statements into evidence during his supervised release revocation hearing. He also maintains the statements constituted "classic testimonial hearsay statements" that are inadmissible under *Crawford v. Washington*, 124 S. Ct. 1354, 1374 (2004). Although a district court's evidentiary decisions are ordinarily reviewed for abuse of discretion, *United States v. Novation*, 271 F.3d 968, 1005 (11th Cir. 2001), we review for plain error because Sherman failed to raise this objection in the district court, *see United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).

We have held the Federal Rules of Evidence do not apply in supervised release revocation proceedings. *United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994). However, "[d]efendants involved in revocation proceedings are entitled to certain minimal due process requirements," including "the right to confront and cross-examine adverse witnesses." *Id.* "[I]n deciding whether or not to admit hearsay testimony, the court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Id.* "In addition, the hearsay statements must be reliable." *Id.*

The *Crawford* holding has not been extended by the Supreme Court nor this Circuit to apply to supervised release revocation proceedings, but even if *Crawford* does apply to such proceedings, Sherman had the opportunity to confront Thompson when she was called on to testify at the revocation proceeding. Further, the Federal Rules of Evidence did not apply to Sherman's supervised release revocation proceeding and the district court explained why it found Thompson's hearsay statements reliable. *See Frazier*, 26 F.3d at 114. Accordingly, we conclude the district court did not violate Sherman's Sixth Amendment rights nor plainly err in admitting Thompson's and her mother's prior hearsay statements into evidence.

3

II.

Sherman argues the district court abused its discretion in revoking his supervised release because the evidence did not prove by a preponderance of the evidence that he committed a battery. *See id.* at 112 ("A district court's revocation of supervised release is reviewed under an abuse of discretion standard."). Under 18 U.S.C. § 3583(e), a district court may revoke a term of supervised release if it finds "by a preponderance of the evidence that a defendant has violated a condition of supervised release." *United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006). We afford the district court substantial deference "in reaching credibility determinations with respect to witness testimony." *United States v. Clay*, 483 F.3d 739, 744 (11th Cir. 2007). Furthermore, "when a defendant elects to testify, he subjects himself to an evaluation of his credibility by the trier of fact and runs the risk that he might bolster the government's case rather than help his own cause." *United States v. Valquez*, 53 F.3d 1216, 1226 (11th Cir. 1995).

The district court determined it was more likely than not that Thompson was telling the truth when she told police that Sherman attacked her and that her contrary testimony at the supervised release revocation hearing was not credible. The court supported his credibility findings by observing that a statement made at or about the time of the incident is more likely to be true than it is to be fabricated

4

and Sherman has a propensity toward violence, as evidenced by his prior convictions. Additionally, Thompson's mother gave an independent account that she saw Thompson and Sherman engaged in a physical altercation. The district court was entitled to disbelieve Sherman's testimony, *see id.*, and we must give that credibility determination substantial deference, *see Clay*, 483 F.3d at 744. For these reasons, we conclude the district court did not abuse its discretion in revoking Sherman's supervised release.

III.

Finally, Sherman argues his sentence is procedurally and substantively unreasonable. *See Sweeting*, 437 F.3d at 1106-07 (holding a sentence imposed upon revocation of supervised release is reviewed for reasonableness). We must first ensure "the district court committed no significant procedural error, such as . . . failing to consider the § 3553(a) factors." *Gall v. United States*, 128 S. Ct. 586, 597; *See also* 18 U.S.C. § 3583(e) (providing that a district court may revoke a term of supervised release and impose a sentence of imprisonment for the violation after considering the factors set forth in 18 U.S.C. § 3553(a)(l), (a)(2)(B)-(D), and (a)(4)-(7)[1]). The district court need not "state on the record that it has explicitly

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristic of the defendant; (2) the need for the sentence imposed to (a) afford adequate deterrence to criminal conduct, (b) protect the public from further crimes of the defendant, and (c) provide the defendant with needed educational or vocational training, medical care, or other

considered each of the § 3553(a) factors or . . . discuss each of the § 3553(a) factors," *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005), but the judge " should set forth enough to satisfy the appellate court that he considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority," *United States v. Rita*, 127 S. Ct. 2456, 2468 (2007).

> Nonetheless, when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation. Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3353(a) [sic] and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical.

*Id.*

After we determine the district court's sentencing decision is procedurally sound, we then review the substantive reasonableness of the sentence for abuse of discretion. *Gall*, 128 S. Ct. at 597. "[T]here is a range of reasonable sentences from which the district court may choose," and the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). While a sentence within the Guidelines range is not *per se*

correctional treatment; (3) the sentencing range established by the Guidelines; (4) the pertinent policy statements of the Sentencing Commission; (5) the need to avoid unwarranted disparities; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

6

reasonable, we ordinarily expect such a sentence to be reasonable. *Id.* at 787.

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (internal quotation marks omitted).

The district court did not procedurally err in sentencing Sherman. Our review of the record indicates the court considered the § 3553(a) factors in determining Sherman's sentence because it (1) stated it sentenced Sherman "[p]ursuant to the Sentencing Reform Act of 1984," which includes 18 U.S.C. § 3553, (2) heard the evidence concerning the nature and history of the offense and considered Sherman's history and characteristics, particularly his propensity toward violence, (3) took into account the accurately calculated Guidelines range and determined a sentence within that range would be appropriate, and (4) considered the need to provide Sherman with needed educational training and correctional treatment. It is apparent the district judge had "a reasoned basis for exercising his own legal decisionmaking authority," and he was entitled to rest his decision upon the Sentencing Commission's reasoning that the Guidelines sentence was a proper sentence without giving a lengthy explanation. *See Rita*, 127 S. Ct. at 2468.

We also conclude the district court took into account any mitigating circumstances and did not impose a substantively unreasonable sentence. The record indicates the court gave Sherman an opportunity to make a statement before he was sentenced and stated it considered the statements of all of the parties before it imposed the sentence. We will not substitute our judgment for the district court, which weighed the relevant factors. *See Amedeo*, 487 F.3d at 832. For these reasons, we conclude the district court did not abuse its discretion in sentencing Sherman to a within-range sentence of 18 months.

Accordingly, we affirm the revocation of Sherman's supervised release and his sentence.

**AFFIRMED.**